IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                          **CRIMINAL NO. 2:19-CR-07-2**
                                                                             **(KLEEH)**

**SCOTT JACKSON HAMRICK,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 107]**

Pending before the Court is Defendant's pro se motion for compassionate release [ECF No. 107]. For the reasons discussed below, the motion is **DENIED**.

**I.   BACKGROUND**

On February 20, 2019, the grand jury returned an Indictment charging Defendant Scott Jackson Hamrick ("Defendant") in Count One with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); in Count Two with Aiding and Abetting Possession with Intent to Distribute Methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and in Count Three with Aiding and Abetting Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). See ECF No. 1. On April 24, 2019, Defendant pleaded guilty to Counts One and Three. See ECF No. 50. Counts One and Three both carried mandatory

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 107]**

minimum sentences of 60 months.  See PSR, ECF No. 73, at ¶ 104. By statute, any term of imprisonment for Count Three was to be imposed consecutively to that imposed for Count One.  See 18 U.S.C. § 924(c)(1)(D) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person[.]"); see also PSR, ECF No. 73, at ¶ 105.  On November 14, 2019, the Court sentenced Defendant to 60 months in custody on each count, to be served consecutively, for a total of 120 months in custody.  See ECF No. 74.  The Court also sentenced Defendant to 4 years of supervised release on Count One and 5 years on Count Three, to be served concurrently.  See id.

## II.  DISCUSSION

In Defendant's motion for compassionate release, he argues that his sentence is "manifestly disproportionate" to his offenses of conviction and the applicable Guidelines.  He argues that recent federal sentencing policy has recognized that mandatory minimums can lead to unjust outcomes.  He asserts that he has actively participated in many rehabilitative programs and attaches documentation in support.  He also asserts that he has developed a comprehensive reentry plan that includes stable housing, prospective employment, and a strong support network.  The Government filed a response in opposition, arguing that Defendant

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 107]**

has not cited any extraordinary and compelling circumstances warranting release.

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id.

Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure

3

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 107]**

of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).[1]

In assessing a motion for compassionate release, the Court undertakes a two-step analysis. "First, the court must determine that the prisoner is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024) (citing United States v. Hargrove, 30 F.4th 189, 194-95 (4th Cir. 2022)). Then, if an extraordinary and compelling reason exists, the Court evaluates the relevant factors under 18 U.S.C. § 3553(a). See Centeno-Morales, 90 F.4th at 279.

In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions and expanded the list of circumstances sufficient to support such a motion.

---

[1] The Government is not challenging exhaustion here.

See U.S.S.G. § 1B1.13. The enumerated extraordinary and compelling reasons set forth in the Guidelines relate to medical circumstances of the defendant, age of the defendant, family circumstances of the defendant, and whether the defendant is a victim of abuse while in custody. See id. The Guidelines also provide that extraordinary and compelling circumstances may exist where the defendant has received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

See id. § 1B1.13(b)(6). Finally, the Guidelines provide that extraordinary and compelling circumstances may exist for certain "other reasons":

> [If] [t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).[2]

---

[2] Paragraphs (1) through (4) include the medical circumstances of the defendant, age of the defendant, family circumstances of the defendant, and whether defendant is a victim of abuse while incarcerated.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 107]**

See id. § 1B1.13(b)(5). Here, Defendant appears to argue that the following two facts constitute extraordinary and compelling reasons: (1) his "disproportionate" sentence, and (2) his rehabilitation efforts.

With respect to Defendant's argument that the sentence imposed was disproportionate, this argument does not fall within the enumerated list of extraordinary and compelling reasons for release. Defendant's sentence does not constitute an unusually long sentence because he has not served over ten years. The Court also finds that Defendant's allegedly disproportionate sentence is not "similar in gravity" to any reasons listed in paragraphs (1) through (4) of U.S.S.G. § 1B1.13(b). The Court imposed the mandatory minimum sentence on each count of conviction. The Court ran the sentences consecutively, as required by statute. Ultimately, the Court sentenced Defendant to the lowest possible amount of time in prison, given the counts of conviction. Defendant cites no applicable change in the law since sentencing. The Court finds that the length of Defendant's sentence is not an extraordinary and compelling reason for early release.

With respect to Defendant's rehabilitation efforts, under the Guidelines, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for release. See id.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 107]**

§ 1B1.13(d). It "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. The Court finds that Defendant's rehabilitation efforts, either considered alone or with the length of his sentence, do not constitute an extraordinary and compelling reason for release. Because Defendant has not presented an extraordinary and compelling reason for release, the Court must deny his motion.

### III. CONCLUSION

For the reasons discussed, the motion for compassionate release is **DENIED** [ECF No. 107].

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record by email and to Defendant by certified mail, return receipt requested.

DATED: October 27, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA